UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DOMINICK GENOVESE,

              Plaintiff,

   -against-                    **MEMORANDUM AND ORDER**
                                        13-CV-03338 (FB)
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

              Defendant.

--------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                             *For the Defendant:*
CHRISTOPHER BOWES, ESQ.            LORETTA E. LYNCH, ESQ.
54 Cobblestone Drive                   United States Attorney
Shoreham, NY 11786                   JAMES R. CHO, ESQ.
                                    Assistant United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Plaintiff Dominick Genovese ("Genovese") seeks review of the final decision of

the Commissioner of Social Security ("Commissioner") denying his application for

disability benefits under the Social Security Act (the "Act"). Both parties move for

judgment on the pleadings. After reviewing the parties' submissions and hearing oral

argument, the Court grants Genovese's motion and remands for further proceedings. The

Commissioner's motion is denied.

## I

In August 2010, Genovese injured his back while bending over a sink to wash his hands. At the time, he was employed as an immigration investigator for the Department of Homeland Security. He experienced severe pain in his back and neck, as well as his left side elbow, leg, arm and hand. Because of his pain, Genovese quit working on August 30, 2010, and on January 26, 2011, he filed an application for Disability Benefits Insurance ("DBI"). The Social Security Administration ("SSA") denied his claim. An Administrative Law Judge ("ALJ") conducted a hearing and also denied his claim. The Appeals Council denied his request for review, rendering final the Commissioner's decision to deny benefits. Genovese timely sought judicial review.

In applying the familiar five-step process,[1] the ALJ found as to the first four steps that Genovese: (1) had not engaged in substantial gainful activity since August 30, 2010, the alleged onset date; (2) had multiple severe impairments; (3) did not suffer from an impairment meeting the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) was able to perform his past relevant work as an investigative

---

[1]The Social Security Administration's regulations set forth a five-step process for determining disability. The Commissioner must find a claimant disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir.2002) (citing 20 C.F.R. § 404.1520(b)-(f)).

immigration officer. AR 41-42.[2]  As part of step four, the ALJ determined that Genovese

had the residual functional capacity ("RFC") to perform work at a sedentary level, with

occasional bending, squatting, or kneeling.  AR 37.  After determining that Genovese

could do his past work, the ALJ denied his application because she did not need to

proceed to step five. AR at 41; *see also* 20 C.F.R. 404.1565.

Geneovese argues that the ALJ erred because in reaching her determination, she

considered, but did not give controlling weight to the opinion of four treating

physicians—Drs. Wilen, Maloney, Naik, and Parnes—all of whom opined on the nature

and severity of Genovese's impairments.  Instead, the ALJ gave controlling weight only

to Dr. Tranese, a consulting examiner.

### 1. Treating Physicians

Dr. Wilen, who examined Genovese on November 11, 2010, diagnosed Genovese

with multiple disc herniations in the thoracic spine, significant bulging and arthritis

throughout the cervical and lumbar spine, and cervical and lumbar radiculopathy. He

opined that Genovese was "totally disabled." *Id.* at 243. Dr. Wilen completed a

Functional Assessment and stated that Genovese could stand and/or walk for less than

two hours in an eight-hour work day, sit for less than four hours in an eight-hour work

day, and regularly lift more than five but less than ten pounds.  Dr. Wilen also reported

---

[2]All citations to "AR" are to the Administrative Record.

that Genovese would require frequent breaks during the day, would require medications that interfered with his ability to function in the work setting, would have difficulty concentrating on his work, and would average two or more sick days per month. *See* AR at 330.

Dr. Maloney, who saw Genovese on November 16, 2010, also found degenerative changes, especially at T11-12, and an MRI conducted on November 30, 2010, revealed mild multilevel discogenic degenerative disease. Dr. Maloney also completed a Functional Assessment and found the same limitations as Dr. Wilen. He opined that Genovese was "disabled from all work." AR at 376.

Treating physicians Dr. Naik and Dr. Parnes examined Genovese and they, too, found degenerative changes. Additional objective evidence was reviewed: a lumbar spine MRI revealed multilevel spondylosis and annular fissures at L3/L4, L4/L5, and L5/S; and a separate MRI performed on January 4, 2011, revealed mild to moderate discogenic degenerative changes superimposed on an element of congenital narrowing of the spinal canal. Dr. Parnes opined that Genovese "cannot climb, push, pull, crouch, balance, crawl, bend, reach or lift." AR at 344. He also concluded that Genovese "can only sit for less than 2-4 hours in an 8-hour day and he can only stand for less than 1-2 hours in an 8-hour day, as well as walk for less than 1-2 hours in an 8-hour day and requires frequent period of rest where he must lie down." AR at 344-45. He concluded that Genovese was "totally disabled" AR at 342.

4

## 2. Dr. Tranese - Consultative Examiner

On March 1, 2011, Dr. Tranese conducted a consultative orthopedic examination at the request of the Commissioner. Genovese told Dr. Tranese "that he is able to perform cooking chores once per week," and that he independently showers, bathes, dresses, and grooms himself. AR at 278. Dr. Tranese diagnosed discogenic low back pain with radicular symptoms and episodic neck pain.

Without reviewing any objective medical reports such as MRIs or x-rays, and instead relying only on his observations, Dr. Tranese concluded that Genovese "may have mild to moderate restriction with heavy lifting and mild restriction with frequent bending, squatting, and kneeling," but that "there [we]re no other physical functional deficits." AR at 279.

**II**

"In reviewing the final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). The non-adversarial nature of a Social Security hearing requires the ALJ "to affirmatively develop the record," regardless of

whether the claimant is represented by counsel. *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009). It is the ALJ's duty "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111(2000).

The Court concludes that the ALJ violated the treating physician rule because she discredited the findings of the four treating physician opinions without providing good reasons for doing so. A treating physician's opinion as to the nature and severity of a claimant's impairment is controlling if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also* § 416.927(c)(2) (same). If an ALJ refuses to give controlling weight to a treating source, she must consider certain factors in deciding how much weight to give, including "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the *evidence in support of the treating physician's opinion*; (iii) *the consistency of the opinion with the record as a whole*; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (emphasis added). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).

The ALJ dismissed all of Genovese's treating physician opinions in a single

cursory paragraph, falling well short of her obligation to provide "good reasons" for doing so. *Id.* Even if good reasons existed, they were absent from her opinion because she failed to fulfill her duty to affirmatively develop the record by "investigat[ing] the facts and develop[ing] the arguments both for and against granting benefits." *Sims*, 530 U.S. at 111. In particular, the ALJ failed to develop the record to resolve the apparent inconsistency between Genovese's treating physicians' conclusions that he suffers from severe functional limitations and the MRIs and x-rays that show only mild degenerative disease.

Moreover, the ALJ focused only on those findings of Dr. Tranese—all of which he made without reference to the objective medical evidence—that contradicted the other four doctors while ignoring their areas of agreement. This was improper because the ALJ "cannot simply selectively choose evidence in the record that supports his conclusions." *Gecevic v. Sec'y of Health & Human Servs.*, 882 F. Supp. 278, 285-86 (E.D.N.Y. 1995).

The ALJ also found Genovese not credible because he occasionally drove his car. She viewed this as evidence that contradicted his treating physician reports. While this raises a question about how extensively his pain limits him, this alone is insufficient to discredit the treating physician opinions in their entirety. Instead, the ALJ failed to address the seven factors that must be considered when a claimant's subjective complaints suggest greater severity than can be shown solely by objective medical

evidence. *See* 20 C.F.R. § 404.1529(c)(3).[3]  Aside from driving a car, no additional

evidence contradicted Genovese's reports of his limitations and symptoms related to his

back pain.  That Genovese has a girlfriend with whom he occasionally eats dinner does

not obviate a claim of back pain.  Nor does Genovese's decision to decline steroidal

injections: the record shows that he was taking oral steroid medication and wished to

avoid steroid accumulation.  In short, in evaluating Genovese's credibility, the ALJ

impermissibly substituted her view for that of his treating physicians and ignored medical

evidence. *See Shaw v. Chater*, 221 F.3d 126, 134–35 (2d Cir. 2000).  Thus, upon remand

the ALJ must also reconsider Genovese's credibility; after the ALJ properly considers

the medical evidence, it may support his subjective complaints.

### III

When the Court cannot say that "application of the correct legal standard could

lead to only one conclusion," further proceedings are appropriate. *Schaal v. Apfel*, 134

F.3d 497, 504 (2d Cir. 1998).  Although the case must be remanded because the ALJ

erred by rejecting medical opinions of Genovese's treating physicians without providing

good reasons, *see Snell*, 177 F.3d at 133, the record appears to show inconsistencies

---

[3]The seven factors set forth in the Social Security Administration's regulations include: (i) claimant's daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (vi) any measures the claimant uses or has used to relieve pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

between those opinions and the objective evidence. *See also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000) ("Upon a finding that . . . an ALJ has applied an improper legal standard, we generally vacate and instruct the district court to remand the matter to the Commissioner for further consideration.").

## IV

For the foregoing reasons, the Commissioner's motion is denied, and the case is remanded for further proceedings.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 15, 2014