UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
DOMINIC GENOVESE,

              Plaintiff,

  -against-                      **MEMORANDUM AND ORDER**
                                       13-CV-3338 (FB)
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

              Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                       *For the Defendant:*
CHRISTOPHER J. BOWES, ESQ.     JAMES R. CHO, ESQ.
54 Cobblestone Drive                Assistant United States Attorney
Shoreham, NY 11786                Eastern District of New York
                                             271 Cadman Plaza East
                                             Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Counsel for Dominic A. Genovese ("plaintiff") moves for an award of attorney's fees under 42 U.S.C. § 406(b)(1). Though the Commissioner of Social Security ("Commissioner") does not object to the motion, the Court must decide whether the amount of fees sought is reasonable.[1] For the following reasons,

---

[1] The Commissioner's failure to oppose this motion is not dispositive, as "section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable[.]'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n. 17 (2002); *see also Smith v. Colvin*, No. 1:09-CV-470, 2014 WL 1413630, at *1 (N.D.N.Y. Apr. 11, 2014) ("It is for the Court to determine whether the amount of the fee requested under Section 406(b) is reasonable and should be awarded.").

attorney's fees are awarded to plaintiff's counsel in the amount of $31,057.50. Out of that amount, plaintiff's counsel must remit $7,793.68 – the prior attorney's fees award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 – to plaintiff.

## I.

Plaintiff retained Christopher J. Bowes to represent him in his pursuit of disability insurance benefits ("DIB") under the Social Security Act. On April 29, 2009, plaintiff signed a contingent fee agreement which provided that his counsel would receive 25% of any past-due DIB awarded by the Commissioner.

On June 11, 2013, plaintiff filed a lawsuit in this Court to challenge the Commissioner's decision to reject his application for DIB. On May 15, 2014, the Court remanded plaintiff's case to the Commissioner for further proceedings. *See Genovese v. Colvin*, No. 13-CV-3338, 2014 WL 1949227, at *1 (E.D.N.Y. May 15, 2014). Subsequent to the Court's remand, the parties stipulated to a fee award of $7,793.68 under the EAJA.

On remand, the Commissioner found plaintiff disabled and awarded him prospective and retroactive benefits. When DIB were awarded, the Commissioner withheld $31,057.50 – 25% of the past-due benefits award – for attorney's fees.

## II.

A court may award an attorney who successfully represents a Social Security

Disability claimant a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht*, 535 U.S. at 807. Where, as here, there is a contingent agreement, "a district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

In assessing reasonableness, a court should (1) "determine whether the contingency percentage is within the 25% cap," (2) "consider whether there has been fraud or overreaching in making the agreement," and (3) scrutinize "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372. The Supreme Court has also directed courts to consider (1) "the character of the representation and the results . . . achieved," and (2) whether "the attorney [was] responsible for delay" that inflated his eventual fee. *Gisbrecht*, 535 U.S. at 807.

The Court begins its reasonableness analysis with the contingency agreement itself. The simple, one-page agreement is unambiguous. Moreover, the 25% fee it entails – which does not exceed the statutory cap – is a standard contingent fee for a Social Security case. *Id.* at 803 ("Characteristically . . . attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits . . . .") (internal quotation marks and citation omitted).

There is no suggestion that the agreement was the product of fraud or overreaching. Similarly, nothing in the record indicates that plaintiff's counsel's representation was in any way ineffective or substandard. Neither does the record demonstrate any undue delay on the part of plaintiff's counsel.

The Court also finds that the 25% contingency fee would not result in a "windfall" to plaintiff's counsel under these circumstances. The Commissioner awarded plaintiff $124,320 in past-due DIB, of which counsel's desired 25% share would be $31,057.50. Divided by the 44.60 hours that plaintiff's counsel spent litigating this case in federal court, this results in an hourly fee equivalent to $696.36, which is below what other courts in this circuit have found "reasonable" under § 406(b). *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (approving award equivalent to $891.61 per hour)*; Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (approving award equivalent to $705.00 per hour); *Trupia v. Astrue*, No. 05-CV-06085, 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008) (approving award equivalent to $714.09 per hour).

Lastly, though fees may be awarded under both the EAJA and § 406, "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal alteration omitted). Accordingly, because plaintiff's counsel has already obtained an attorneys' fees award of $7,793.68 pursuant to the EAJA – which is less than the award sought pursuant to § 406(b) –

counsel must return the amount of such EAJA award to plaintiff from the payment received under § 406(b).

## III.

For the foregoing reasons, the Court grants plaintiff's counsel's motion for attorney's fees and fees are awarded in the amount of $31,057.50 pursuant to § 406(b), with the amount of $7,793.68 in attorneys' fees already awarded under the EAJA to be paid by plaintiff's counsel to plaintiff.

**SO ORDERED.**

/S/Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 6, 2015